**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Respondent - Appellee,

v.

HECTOR ALVARADO-CARRILLO,

      Petitioner - Appellant.

No. 02-2015

(D. New Mexico)

(D.C. Nos. CIV-01-1083-LH/WWD,
CR-95-104-LH)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2).  The case is, therefore, ordered submitted without oral argument.

Hector Alvarado-Carrillo, a federal prisoner proceeding pro se, seeks a certificate of appealability (a "COA") to appeal the denial of his 28 U.S.C. § 2255

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas corpus petition. Because we determine, like the district court, that Mr. Alvarado-Carrillo filed his petition in an untimely manner, we deny a COA.

## I. BACKGROUND

On June 18, 1997, Mr. Alvarado-Carrillo pleaded guilty to violation of 21 U.S.C. § 846 (conspiracy to commit a narcotics offense). Pursuant to that guilty plea, the district court, on September 2, 1997, sentenced Mr. Alvarado-Carrillo to a term of imprisonment of 108 months. Apparently the judgment against Mr. Alvarado-Carrillo was entered on November 19, 1997. [1]

Mr. Alvarado-Carrillo did not file a direct appeal but, on September 17, 2001, did file the instant § 2255 habeas petition. In his petition, Mr. Alvarado-Carrillo asserts that (1) the district court erred in sentencing him, in violation of the dictates of United States v. Apprendi , 530 U.S. 466 (2000), to a term of imprisonment in excess of a five-year statutory maximum, (2) the district court

---

[1] We have been unable to identify anything in the appellate record conclusively establishing the date of the entry of judgment against Mr. Alvarado-Carrillo. This date, of course, is important for determination of whether Mr. Alvarado-Carrillo's petition is, in fact, untimely. We note that in one of the district court's orders in this case, the court states: "[Mr. Alvarado-Carrillo's] criminal judgment was entered November 19, 1977." Rec. doc. 4, at 1 (unpaginated) (Order, filed Sept. 24, 2001). Given Mr. Alvarado-Carrillo's reference to his plea and sentencing as occurring in June and September of 1997, respectively, we take the district court's reference to 1977 to be a typographical error and presume that the date of the entry of Mr. Alvarado-Carrillo's criminal judgment was, in fact, November 19, 1997.

erred in failing to ensure that he entered his plea in a voluntary and knowing fashion, and (3) his counsel was ineffective in failing to prevent these errors. The district court did not reach the merits of Mr. Alvarado-Carrillo's claims; rather the district court denied Mr. Alvarado-Carrillo's habeas petition as "untimely." Rec. doc. 6 (Final Order of Dismissal, filed Dec. 12, 2001). Mr. Alvarado-Carrillo timely filed this appeal.

## II. DISCUSSION

Under § 2255, a petitioner generally must file a § 2255 petition within one year of the later of (1) "the date on which the judgment of conviction becomes final" or (2) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Here, then, Mr. Alvarado-Carrillo's time to file his § 2255 petition would appear to have expired one year after November 29, 1997 (the date on which his conviction was entered plus the ten days permitted for filing the notification of intent to appeal, see Fed. R. App. P. 4(b)(1)(A) ) or, at best, [2] one year after June 26, 2000 (the date on which the Supreme Court issued the Apprendi decision). Since Mr. Alvarado-

---

[2] We have yet to determine the retroactive applicability of Apprendi and thus have yet to determine whether Apprendi restarts the § 2255 time clock.

Carrillo did not file this habeas petition until September 17, 2001, more than one year after both November 29, 1997 and June 26, 2000, Mr. Alvarado-Carrillo's petition appears untimely.

Mr. Alvarado-Carrillo recognizes the hurdle presented by the § 2255 time bar; Mr. Alvarado-Carrillo proposes to overcome that hurdle by application of equitable tolling. Under the doctrine of equitable tolling, we will occasionally toll the time bar facing a habeas petitioner, though "only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted); United States v. Willis, 202 F.3d 1279, 1281 n.3 (10th Cir. 2000) (considering the application of equitable tolling in a particular § 2255 case). A necessary prerequisite to any application of equitable tolling, however, is a finding that "[the] petitioner [has] diligently pursue[d] his federal habeas claims." Gibson, 232 F.3d at 808; accord Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[T]his equitable remedy is only available when an inmate [1] diligently pursues his claims and [2] demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

Mr. Alvarado-Carrillo seeks application of the equitable tolling doctrine based upon his status as a "non-English speaking . . . Mexican citizen," lack of access to adequate "legal library materials and [other] legal assistan[ce]," and "lack[ of] an understanding of the law." Rec. doc. 5, at 7-8 (Motion for

-4-

Permission to File a Response as to United States Magistrate Judge 'Sua Sponte' Raising the Defense of Procedural Default, filed Nov. 7, 2001). While we recognize that at least some of the hardships noted by Mr. Alvarado-Carrillo no doubt inhibited his ability to timely file his § 2255 petition, we conclude that equitable tolling should not here apply to excuse Mr. Alvarado-Carrillo's otherwise untimely filing. See Gibson, 232 F.3d at 808 ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling."); Marsh, 223 F.3d at 1220-21 ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks omitted); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (holding that equitable tolling will not apply where a petitioner "simply did not know about the [relevant law] until it was too late": "It is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

### III. CONCLUSION

Having reviewed Mr. Alvarado-Carrillo's appellate brief, the district court's order, and the appellate record, and having liberally construed all of the materials submitted by Mr. Alvarado-Carrillo, see Haines v. Kerner, 404 U.S.

519, 520-21 (1972) (per curiam) , we DENY Mr. Alvarado-Carrillo's application for a COA and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge