**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**JUL 12 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

RANDY W. PAYMENT,

     Defendant - Appellant.

No. 01-1325
(D.C. No. 01-S-901)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Randy W. Payment, an inmate appearing pro-se, seeks to appeal from the

denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence.

Mr. Payment pleaded guilty to six counts of bank robbery, 18 U.S.C. § 2113(a),

and an amended judgment was entered on August 21, 1998. He was sentenced to

71 months imprisonment to be served concurrently, ordered to make restitution of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

$27,075.15 and ordered to pay a special assessment of $100 for each count, for a total of $600. Because Mr. Payment has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), that is within the limitation period, we deny his application for a certificate of appealability ("COA") and dismiss the appeal. Slack v. McDaniel, 529 U.S. 473, 483 (2000).

In his § 2255 motion, deemed to have been filed on May 12, 2001, Mr. Payment contended that the sentencing court lacked subject matter jurisdiction (1) to impose restitution, or (2) at least to do so absent specific stipulations in the plea agreement. He also contended that (3) the restitution order represents an improper delegation of judicial authority to a non-Article III administrative authority, and that (4) a $100 special assessment on three of the counts of conviction represents an application of an ex post facto law, because the conduct underlying those counts occurred prior to the increase in the special assessment from $50 to $100. To the extent certain claims were based upon Apprendi v. New Jersey, 530 U.S. 466 (2000), the district court rejected them, holding either that Apprendi was not retroactive or the Apprendi claims failed on the merits. All other claims were denied as time-barred (beyond one-year from the judgment of conviction) under 28 U.S.C. § 2255.

Even assuming that Mr. Payment's claims seeking to have the amended judgment modified as to restitution and the special assessment are cognizable

- 2 -

under § 2255, these claims must fail. First, to the extent he relies upon <u>Apprendi</u>, we recently held that the <u>Apprendi</u> rule is not retroactive. <u>See</u> <u>United States v. Mora</u>, No. 01-8020, ___ F.3d ___ , 2002 WL 1317126, *4 (10th Cir. June 18, 2002). Second, regarding all other claims, they are time-barred and Mr. Payment has not shown extraordinary circumstances that might warrant equitable tolling. <u>See</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998) (§ 2254); <u>see also</u> <u>United States v. Willis</u>, 202 F.3d 1279 (10th Cir. 2000) (§ 2255).

We DENY Mr. Payment's motion for leave to proceed without prepayment of costs or fees, DENY a COA, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge