**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ANDRE L. PETERSON,

      Defendant-Appellant.

No. 04-3148
(D.C. Nos. 04-CV-3103-MLB and
00-CR-10098-01-MLB)
(Kansas)

**ORDER**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Andre L. Peterson, proceeding *pro se*, applies for a certificate of

appealability (COA) to challenge the district court's denial of his motion to file a

28 U.S.C. § 2255 petition out of time.  Mr. Peterson also seeks leave to proceed

*in forma pauperis* (*ifp*) on appeal. We exercise jurisdiction over Mr. Peterson's

case pursuant to 28 U.S.C. § 2253(c)(1), reviewing his *pro se* submissions

liberally as required by *Haines v. Kerner.*  404 U.S. 519, 520 (1972).  Doing so,

we do not think "jurists of reason would find . . . debatable" the district court's

rejection of Mr. Peterson's motion, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000),

and therefore deny COA and Mr. Peterson's request to proceed *ifp*.

On January 29, 2001, Mr. Peterson was sentenced to a prison term following his pleas of guilty to violations of 18 U.S.C. § 924(c) and 21 U.S.C. § 841. Mr. Peterson waived his right to appeal on that same date. Judgment was filed against Mr. Peterson on February 1, 2001. On March 30, 2004, and over three years after judgment had been entered against him, Mr. Peterson filed his § 2255 motion to vacate, set aside, or correct his sentence. In an order dated April 8, the district court denied Mr. Peterson relief on the ground that his § 2255 petition was untimely. *See* § 2255 ("A 1-year period of limitation shall apply to a motion under this section."). Mr. Peterson filed a notice of appeal with this court, but then filed a self-styled motion with the district court on June 3 for leave to file a § 2255 motion out of time.

In his motion to file out of time, Mr. Peterson claimed extraordinary circumstances warranted equitable tolling of the limitations period of § 2255. *See United States v. Willis*, 202 F.3d 1279, 1281 n.3 (10th Cir. 2000); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling permitted only upon a showing of extraordinary circumstances). He claimed he did not know the time for filing his claim was limited because the law library at his prison did not have a copy of the Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA).[1]  In addressing Mr. Peterson's claims, the district court treated Mr. Peterson's motion to file out of time as a motion to reconsider, rejecting it on the ground that even though Mr. Peterson's prison library did not have a copy of AEDPA, such circumstances could not be deemed extraordinary. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling"); *Marsh*, 223 F.3d at 1220 ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing" (quotation omitted)); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the [prison] facility lacked all relevant statutes and case law . . . .  It is apparent [the petitioner] simply did not know about the limitation in the AEDPA . . . .").  The court concluded "[t]he statute of limitations pertaining to § 2255 motions can be found in many publications other than the text of the AEDPA.  Defendant does not contend that such other publications were unknown or unavailable to him."  Rec., doc. 70, at 2.  The court also stated that Mr. Peterson's self-styled motion to file a § 2255 motion out of time was untimely.

Mr. Peterson submitted his application to us for a COA in a timely manner. He contends the district court should have equitably tolled the statute of

---

[1]An affidavit from the law librarian at Mr. Peterson's facility confirmed his allegation.  Rec., doc. 69, at 8.

limitations for his § 2255 claim, and that the court erred by reformulating his motion to file a § 2255 motion out of time into a motion to reconsider.

The issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 332, 336 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Likewise, when a district court has dismissed a habeas petition on procedural grounds, a certificate will only issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on our review of the record on appeal and Mr. Peterson's submissions to this court, we do not think jurists of reason would disagree with the district court's disposition of Mr. Peterson's § 2255 motion and his motion to file the § 2255 claim out of time.

First, the district court's construction of Mr. Peterson's motion to file out of time as a motion to reconsider strikes us as having no consequence. However termed, Mr. Peterson's second motion requested the court to consider his § 2255 arguments in light of his allegations of extraordinary circumstances warranting

his untimely filing of the first petition. The district court did consider his circumstances and held that the prison library's failure to have a copy of AEDPA did not constitute an extraordinary circumstance justifying tolling the limitations period for § 2255. Nor did Mr. Peterson contend he was wholly barred from access to legal materials from which he could have learned about AEDPA's time limitations. We are not convinced reasonable jurists would find fault with the district court's rulings on this matter.

Mr. Peterson's request for a COA and to proceed *ifp* are **DENIED**. The appeal is **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge