**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS DION HISHAW,

Defendant - Appellant.

No. 05-6151
(W.D. Oklahoma)
(D.Ct. No. CIV-04-28-T)

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING APPLICATION**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Carlos Dion Hishaw, a federal prisoner proceeding *pro se,*[1] filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. The district court dismissed the motion as untimely. Hishaw then filed a request for a certificate of appealability (COA), which the court denied. It also certified that

[1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

the appeal was not taken in good faith, thus denying Hishaw the right to proceed on appeal *in forma pauperis* (*ifp*). In this court, Hishaw renews his requests for COA and for leave to proceed *ifp*. *See* 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b)(1), 24(a)(5).

Background

In February 1999, Hishaw was convicted by a jury of numerous drug offenses and possession of a firearm. On September 30, 1999, he was sentenced to concurrent terms of 360 months imprisonment on all but the firearm charge, for which he received a concurrent sentence of 120 months imprisonment. His conviction was affirmed on direct appeal, *United States v. Wilson*, 244 F.3d 1208 (10th Cir. 2001), and on October 1, 2001, the United States Supreme Court denied his petition for a writ of certiorari. *Hishaw v. United States*, 534 U.S. 882 (2001).

Hishaw's § 2255 motion was filed on January 12, 2004, more than two years after his conviction became final. The district court dismissed the motion as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255.[2] Thereafter, the district court denied his request for a COA. It also denied Hishaw's request to proceed *ifp* on appeal, finding Hishaw had not "presented a reasoned, nonfrivolous argument on appeal and that the appeal [was] not taken in

[2] Paragraph 6 of § 2255 provides: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final . . . ."

good faith." (R. Doc. 611 at 2.) *See* 28 U.S.C. § 1915(a)(1), (a)(3); FED. R. APP. P. 24.

Certificate of Appealability

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA only if Hishaw makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Insofar as the district court dismissed his habeas petition on procedural grounds, Hishaw must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

We review the district court's factual findings for clear error and its legal conclusions de novo. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001).

The district court correctly found Hishaw's motion was time-barred. Hishaw's sentence became final on October 1, 2001, when the Supreme Court denied his petition for a writ of certiorari. *See United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000). His § 2255 motion was filed on January 12, 2004, well past the one year statute of limitations.

Hishaw attempts to avoid this result by arguing an intervening change in law rendered his sentence unconstitutional. Specifically, he claims *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), require the quantity of drugs used to enhance his sentence beyond the twenty-year maximum to be found by a jury beyond a reasonable doubt. Because the amount of drugs used to enhance his sentence was not found by a jury, he argues his sentence is unconstitutional and he is "actually innocent"—not of the underlying crimes themselves but of possessing the amount of drugs resulting in the enhancement to his sentence. He also asserts his counsel was ineffective for failing to raise this issue at sentencing or on direct appeal. Finally, he asserts this is a miscarriage of justice.

Hishaw's arguments fail because this issue was addressed on direct appeal. *Apprendi* was decided while Hishaw's case was pending on appeal and Hishaw submitted a supplemental brief addressing its applicability. *Wilson*, 244 F.3d at 1214, 1220 n.7. In affirming Hishaw's convictions, we acknowledged the enhancement of his sentence above the statutory maximum violated the

procedures set forth in *Apprendi*. *Wilson*, 244 F.3d at 1220 n.7. We analyzed the issue under the plain error doctrine and concluded the error did not meet the fourth prong of the doctrine, because it did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotations omitted).

> [T]he omission of an essential element of an offense from jury consideration does not seriously affect the fairness or integrity of a proceeding if the evidence related to that element was overwhelming. This is particularly true where a trial court follows procedures that were universally considered fair at the time of trial . . . Here . . . the evidence was overwhelming. Mr. Hishaw's sentence could be enhanced to thirty years upon a finding of only five grams of crack cocaine--in contrast, trial evidence proved his involvement with over six kilograms of the drug, over a thousand times more than the necessary amount. Therefore we find no plain error in this case . . . .

*Id.* (citations omitted).

The subsequent decision in *Blakely* affords Hishaw no relief. *Blakely* did not address the Federal Sentencing Guidelines pursuant to which Hishaw was sentenced. *Blakely*, 542 U.S. at 305 n.9. *Blakely* does not apply retroactively to convictions that were already final at the time it was decided in 2004. *United States v. Price*, 400 F.3d 844, 849 (10th Cir.), *cert. denied*, 126 S.Ct. 731 (2005). Hishaw's convictions were final over two years before *Blakely* was decided.

Hishaw has failed to raise any allegations warranting the application of equitable tolling in this case. *See Gisbon v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling of statute permitted in only rare and exceptional circumstances); *accord United States v. Willis*, 202 F.3d at 1281 n.3. His § 2255

motion was untimely. The district court's order of dismissal is not reasonably debatable. *Slack*, 529 U.S. at 484. Hishaw has failed to make a sufficient showing that he is entitled to a COA.

*IFP* Motion

A prisoner seeking leave from this court to proceed *ifp* must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991). In denying Hishaw's motion to proceed *ifp* on appeal, the district court found he had not "presented a reasoned, nonfrivolous argument on appeal and that the appeal [was] not taken in good faith." (R. Doc. 611 at 2.) After reviewing Hishaw's contentions, we adopt the district court's finding that this appeal is not taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 446 (1962), we adopt it.

Based on the above, we DENY Hishaw's request for a COA and dismiss his application. We also DENY Hishaw's motion to proceed *ifp* and order him to immediately remit the full amount of the filing fee. We remind him of his

obligation to pay the filing fee even on an appeal that has been dismissed.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge