**F I L E D**

**UNITED STATES COURT OF APPEALS**

June 30, 2006

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLIFFORD DIONE ARRINGTON,

    Defendant - Appellant.

No. 05-1256
(D. Colorado)
(D.Ct. No. 04-WM-1430)

_____

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL IN FORMA PAUPERIS,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPLICATION**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Clifford Dione Arrington, a federal prisoner proceeding *pro se*,[1] filed a

motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The

district court denied the motion, as well as Arrington's subsequent motion for

_____

[1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

reconsideration. Arrington then requested a certificate of appealability (COA) and leave to proceed *in forma pauperis* (*ifp*) on appeal. The district court denied a COA because Arrington had not made a substantial showing of the denial of a constitutional right. The court also denied his motion to proceed *ifp* because it was deficient in that it lacked the necessary financial information. Arrington has filed with this Court an application for a COA and a motion for leave to proceed *ifp*. *See* 28 U.S.C.§§ 2253(c)(1)(B); FED. R. APP. P. 22(b)(1), 24(a)(5). We DENY his application for a COA and his motion to proceed *ifp*.

## Background

In February 2001, Arrington was convicted by a jury of one count of conspiracy to distribute cocaine or crack cocaine, and eleven counts of distribution of crack cocaine. On September 10, 2001, he was sentenced to 188 months imprisonment. His conviction was affirmed on direct appeal, *United States v. Arrington*, 46 Fed. Appx. 935 (10th Cir. 2002), and on June 9, 2003, the United States Supreme Court denied his petition for a writ of certiorari. *Arrington v. United States*, 539 U.S. 921 (2003).

Arrington's § 2255 motion was filed with the district court on July 12, 2004. The district court denied the motion as barred by the one-year statute of limitations established by 28 U.S.C. § 2255.[2] Arrington filed a motion for

---

[2] Paragraph 6 of § 2255 provides: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date

reconsideration, arguing the date his conviction became final was July 4, 2004, when the time for filing a petition for rehearing expired, and not June 9, 2003, the date the Supreme Court denied his petition for writ of certiorari. The district court denied this motion, as well as Arrington's motions for a COA and to proceed *ifp* on appeal.

## Discussion

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA only if Arrington makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court dismissed his habeas petition on procedural grounds, Arrington must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Arrington has not met this burden.

on which the judgment of conviction becomes final . . . ."

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The district court correctly found Arrington's motion was time-barred. Arrington's sentence became final on June 9, 2003, when the Supreme Court denied his petition for a writ of certiorari, regardless of the fact he filed a petition for rehearing from the denial of certiorari. *See United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000). His § 2255 motion was filed on July 12, 2004, one month past the one year statute of limitations.

Arrington's argument that he is entitled to the application of equitable tolling is without merit. His confusion about when his conviction was final does not constitute a "rare and exceptional circumstance[]" warranting equitable tolling of the statute. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted); *see also Willis*, 202 F.3d at 1281 n.3 (case must present extraordinary circumstances to warrant equitable tolling of statute of limitations). Because reasonable jurists could not conclude the district court erred in dismissing Arrington's § 2255 motion as untimely, we DENY his request for a COA and dismiss his application.

Because Arrington has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991), we

-4-

DENY his motion to proceed *ifp* and order him to remit the full amount of the filing fee within twenty days.

**DISMISSED.**

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge