**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 98-3244

ROBERT LEE WILLIS,

Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 98-CV-3239-GTV)**

Submitted on the briefs:

Robert Lee Willis, pro se.

Jackie N. Williams, United States Attorney, Robert S. Streepy, Assistant United States Attorney, Kansas City, Kansas, for Plaintiff-Appellee.

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

**EBEL** , Circuit Judge.

Defendant was convicted of conspiracy to commit bank larceny and assault while attempting bank larceny. This court affirmed his conviction on appeal, and the United States Supreme Court denied his petition for writ of certiorari on June 27, 1997. Defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on July 16, 1998. The district court denied the motion as untimely.

On appeal, defendant argues that his § 2255 motion was timely, and that, even if the motion was untimely, he is entitled to equitable tolling of the limitations period. We granted a certificate of appealability on the issue of when, for purposes of 28 U.S.C. § 2255(1), a judgment of conviction becomes final. This is a question of statutory interpretation that we review *de novo. See United States v. Shuler*, 181 F.3d 1188, 1189 (10th Cir. 1999). We affirm the denial of defendant's § 2255 motion as untimely. [1]

The relevant statute establishes a one-year limitation period for a federal prisoner to file a motion to vacate, set aside or correct his sentence. 28 U.S.C. § 2255. The one-year limitation period began to run on the date defendant's judgment of conviction became final. *Id.* In *United States v. Burch*, No. 98-3301,

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

slip op. at 3-4, 11 (10th Cir. Feb. 1, 2000), an opinion being issued contemporaneously with this case, we hold that, where a defendant does not file a petition for writ of certiorari with the United States Supreme Court after a direct appeal, the judgment of conviction is final when the time for filing a certiorari petition expires. In this case, defendant argues that his judgment of conviction was not final until the time expired during which he could have filed a petition for rehearing from the Supreme Court's denial of certiorari.

We need not grapple with whether this proposition is a logical extension of our holding in *Burch*, because defendant's argument is foreclosed by Supreme Court Rule 16.3. That rule, entitled "Disposition of a Petition for a Writ of Certiorari," provides that

> [w]henever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. *The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.*

Sup. Ct. R. 16.3 (emphasis added). Based on this rule and consistent with our holding in *Burch*, we hold that, absent an actual suspension of an order denying certiorari by the Court or a Justice, a judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether

a petition for rehearing from the denial of certiorari is filed. [2] After the Supreme Court has denied a petition for writ of certiorari, neither the filing of a petition for rehearing from the denial of certiorari, nor the expiration of the time in which such a petition could be filed delays the commencement of the one-year limitation period.

Our reading of Rule 16.3 is supported by comparing Rule 16.3 with Rule 45. Rule 45 concerns issuance of mandates in cases *on review* by the Supreme Court (as opposed to cases before the Court on petitions for writ of certiorari). In cases on review from a state court, the mandate issues twenty-five days after entry of judgment, and a petition for rehearing stays the mandate until disposition of the rehearing petition. *See* Sup. Ct. R. 45.2. In cases on review from a federal court, no mandate issues, but a copy of the opinion or judgment is sent to the lower court twenty-five days after the entry of judgment, and the "sending down of the judgment" is stayed pending disposition of a timely rehearing petition. *See id.* at 45.3; ROBERT L. STERN ET AL., SUPREME COURT PRACTICE § 15.8 (7th ed. 1993) at 628-29. The fact that the rules

---

[2] Even though our holding here concerns only the one-year limitation period contained in § 2255, we note that we see no reason why the reasoning behind the holding would not be equally applicable to the similar limitation period in § 2244(d)(1). *See Burch*, slip op. at 9 (stating that there is no indication that Congress intended to treat state and federal prisoners differently for purposes of determining when a judgment of conviction becomes final under the one-year limitation periods in §§ 2244(d)(1)(A) and 2255(1)).

specifically provide for a stay of the effectiveness of the judgment pending rehearing in cases before the Court on review, and, on the other hand, specifically provide that a rehearing petition does not suspend the effectiveness of an order denying certiorari supports reading Rule 16.3 as dictating that the judgment of conviction is final upon denial of certiorari.

We found no case law interpreting Rule 16.3, but a Supreme Court practitioner's guide is in accord with our interpretation. *See* ROBERT L. STERN ET AL., SUPREME COURT PRACTICE § 6.43. That publication instructs that a denial of certiorari is legally effective when the order is entered, authorizing lower courts to take any action they see fit. *See id.* at 382. It also points out that if a party wishes to forestall any adverse or prejudicial action by a lower court pending the filing and disposition of a rehearing petition, the party must apply to the Court or a Justice for an order suspending the effectiveness of the order denying certiorari, as provided by Rule 16.3. *See id.* at 382-83.

In sum, we hold that, for purposes of the one-year limitation in 28 U.S.C. § 2255(1), defendant's judgment of conviction was final when the United States Supreme Court denied his petition for writ of certiorari, notwithstanding the fact that he could have filed a petition for rehearing of the order denying his petition for writ of certiorari within twenty-five days after the denial of certiorari.

Consequently, defendant's § 2255 motion was untimely.  AFFIRMED. [3]  The

mandate shall issue forthwith.

---

[3]  We agree with the district court that this case does not present extraordinary circumstances such that defendant should receive the benefit of equitable tolling,  *see Miller v. Marr* , 141 F.3d 976, 978 (10th Cir.),  *cert. denied* , 119 S. Ct. 210 (1998), and we deny a certificate of appealability on that issue.