UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 00-7427
(CR-96-72, CA-00-265-1)

_____

United States of America,

Plaintiff - Appellee,

versus

James Calvin Segers,

Defendant - Appellant.

_____

O R D E R

_____

The court amends its opinion filed November 5, 2001, as follows:

On the cover sheet, section 3, line 2 -- the line is corrected to read "for the Middle District of North Carolina, at Winston-Salem."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 00-7427

JAMES CALVIN SEGERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, District Judge.
(CR-96-72, CA-00-265-1)

Argued: September 25, 2001

Decided: November 5, 2001

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Certificate of appealability denied and appeal dismissed by published
opinion. Judge King wrote the opinion, in which Judge Motz and
Senior Judge Hamilton joined.

_____

COUNSEL

ARGUED: James Phillip Griffin, Jr., NORTH CAROLINA PRIS-
ONER LEGAL SERVICES, INC., Raleigh, North Carolina, for
Appellant. Michael Francis Joseph, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee. ON BRIEF: Benjamin H.
White, Jr., United States Attorney, Greensboro, North Carolina, for
Appellee.

**OPINION**

KING, Circuit Judge:

Appellant James Calvin Segers challenges the district court's dismissal of his 28 U.S.C. § 2255 motion as untimely. Segers contends that his § 2255 motion was timely filed, asserting that the applicable one-year period of limitation did not commence to run until January 25, 1999, when the Supreme Court denied his petition for rehearing of the denial of his petition for certiorari. As explained below, we disagree with Segers, and we conclude that the Court's denial of Segers's petition for a writ of certiorari triggered the one-year period of limitation in § 2255 ¶6 (1), thus rendering his § 2255 motion untimely. We therefore decline to issue a certificate of appealability and we dismiss his appeal.

I.

Following a jury trial in the Middle District of North Carolina, Segers was convicted, on October 3, 1996, of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and of attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841. He was then sentenced to 262 months' imprisonment, to be followed by eight years of supervised release. On July 20, 1998, we affirmed Segers's conviction by unpublished per curiam opinion. United States v. Segers, 153 F.3d 724 (4th Cir. 1998). On November 16, 1998, the Supreme Court denied his petition for a writ of certiorari, Segers v. United States, 525 U.S. 1008 (1998), and on January 25, 1999, it denied Segers's petition for rehearing of the denial of certiorari. Segers v. United States, 525 U.S. 1129 (1999).

On January 20, 2000, more than one year after the Court's denial of Segers's petition for certiorari, but less than one year after its denial of his request for rehearing, Segers filed the pro se § 2255 motion underlying this appeal. The Government promptly moved to dismiss his § 2255 motion as untimely, asserting that it was barred by the one-year period of limitation established in § 2255 ¶6 (1).**1** The

_____

**1** The period of limitation is set forth in the unnumbered sixth paragraph of § 2255 and, in pertinent part, provides as follows:

2

Government maintained that the period of limitation began to run on November 16, 1998, when the Court denied Segers's petition for certiorari, thus rendering his § 2255 motion, filed more than one year later on January 20, 2000, untimely. Upon the recommendation of the magistrate judge, the district court, on August 7, 2000, dismissed the § 2255 motion as untimely and declined to award Segers a certificate of appealability. Segers v. United States, Order, No. 1:00CV265 (M.D.N.C. Aug. 7, 2000).

On appeal, Segers contends that his § 2255 motion was in fact timely filed, maintaining that the one-year period of limitation did not commence to run until January 25, 1999, when his petition for rehearing of the denial of certiorari was denied by the Supreme Court. On September 25, 2000, Segers filed a timely notice of appeal of the district court's ruling, and again requested issuance of a certificate of appealability. We possess jurisdiction over his appeal pursuant to 28 U.S.C. § 2253(a).

II.

We are presented in this appeal with a pure question of statutory interpretation involving the period of limitation established by Congress in § 2255 ¶6 (1). In this situation, our standard of review is plenary; we review the district court's decision de novo. United States v. Prescott, 221 F.3d 686, 687 (4th Cir. 2000).

III.

By the plain language of § 2255 ¶6 (1) the one-year period of limitation for the filing of a motion to vacate, set aside, or correct a sen-

_____

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
>  (1) the date on which the judgment of conviction becomes final; [or]
>
>  . ..
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶6.

3

tence runs from the date on which the prisoner's "judgment of conviction becomes final." The statute, however, does not specifically define or further explain how the phrase "the judgment of conviction becomes final" is to be interpreted and applied, thus giving rise to the question raised by Segers in this appeal.

Last year, in United States v. Torres, 211 F.3d 836 (4th Cir. 2000), this court concluded that when a federal prisoner does not petition for certiorari in the Supreme Court, his judgment of conviction becomes final under § 2255 ¶6 (1) upon the issuance by a court of appeals of the mandate contemplated by Rule 41 of the Federal Rules of Appellate Procedure.[2] Writing for the court, Judge Williams explained that "it is generally accepted that, for a defendant who files a petition for certiorari with the Supreme Court, the conclusion of direct review occurs when the Supreme Court either denies his petition or decides his case on the merits." Torres, 211 F.3d at 839. In that instance, Torres had not sought certiorari in the Supreme Court. We accordingly had no reason to address the potential effect of a petition for certiorari or, as in this situation, a petition for rehearing of the denial of certiorari, on the finality of a judgment of conviction under § 2255 ¶6 (1).

With respect to the question now raised by Segers, the Government maintains that his contention is incorrect, and it emphasizes that the provisions of Supreme Court Rule 16.3 are dispositive. That Rule, entitled "Disposition of a Petition for a Writ of Certiorari," provides that:

_____

[2] The mandate in a court of appeals is issued "7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, rehearing en banc, or motion for stay of mandate, whichever is later." Fed. R. App. P. 41(b). The filing of a petition for rehearing in a court of appeals automatically stays the mandate until the petition for rehearing is decided. See Fed. R. App. P. 41(d)(1). As such, when a prisoner files a petition for rehearing in a court of appeals, its mandate does not issue, and its decision does not become final, until the petition for rehearing is denied. Importantly, as explained infra, the filing in the Supreme Court of a petition for rehearing of the denial of a petition for certiorari has no effect on the finality of the judgment of conviction.

4

> whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. <u>The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.</u>

Sup. Ct. R. 16.3 (emphasis added). As this Rule provides, a petition for rehearing of the denial of certiorari, unlike a petition for rehearing in the court of appeals, does not automatically suspend "[t]he order of denial" of a petition for certiorari. Indeed, in the absence of an order of the Court or a Justice thereof, a petition for rehearing of the denial of certiorari has no effect. Thus, as the Government correctly posits, the denial of Segers's petition for a writ of certiorari constituted the final disposition of his case in the Supreme Court.

Although we have not previously addressed the question of when, under § 2255 ¶6 (1), a judgment of conviction becomes final for a prisoner who has petitioned for certiorari, the issue has been considered by certain of our sister circuits and they have each interpreted Supreme Court Rule 16.3 as controlling. The courts of appeals to address the issue have consistently concluded that a judgment of conviction becomes final under § 2255 ¶6 (1) when the Supreme Court denies certiorari.

The first court of appeals to address this question was the Tenth Circuit in <u>United States v. Willis</u>, 202 F.3d 1279 (10th Cir. 2000). In that case, the defendant maintained that his judgment of conviction did not become final until the time expired for him to petition the Court for a rehearing of its denial of certiorari. In <u>Willis</u>, Judge Ebel carefully focused on Supreme Court Rule 16.3, emphasizing the Rule's last sentence, i.e., "[t]he order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice." <u>Id.</u> at 1280 (quoting Sup. Ct. R. 16.3). Based on Rule 16.3, he explained, in terms pertinent here, that:

> absent an actual suspension of an order denying certiorari by the Court or a Justice, a judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ

5

> of certiorari after a direct appeal, regardless of whether a
> petition for rehearing from the denial of certiorari is filed.

Id. at 1280-81.

Thereafter, the Fifth Circuit, in United States v. Thomas, 203 F.3d 350 (5th Cir. 2000), saw fit to issue a certificate of appealability solely to determine when a federal conviction becomes final for purposes of § 2255 ¶6 (1). In Thomas, the two defendants filed their § 2255 motions one year and three days after the Court denied their petitions for certiorari. In maintaining that their § 2255 motions were timely, they contended that their judgments of conviction did not become final until the court of appeals received notice from the Supreme Court that their petitions for certiorari had been denied. Alternatively, they claimed that their convictions did not become final until the twenty-five day period prescribed by Supreme Court Rule 44 (for the filing of a petition for rehearing of the denial of certiorari) had actually expired. In its Thomas decision, the Fifth Circuit rejected both of these contentions. Relying on Rule 16.3, it concluded that when a defendant petitions for certiorari, his judgment of conviction "becomes final for purposes of the one year limitation period set forth in § 2255(1) on the date that the Supreme Court denies the defendant's petition for writ of certiorari on direct review." Id. at 356.

More recently, in Horton v. United States, 244 F.3d 546 (7th Cir. 2001), the Seventh Circuit was presented with an appeal of a dismissal of a § 2255 motion filed one year and two days after the Supreme Court denied certiorari. Horton maintained that his § 2255 motion was timely filed because his judgment of conviction did not become final until expiration of the twenty-five day period within which he could petition for reconsideration of the denial of certiorari. The Seventh Circuit, relying on Rule 16.3, rejected Horton's contention. It held that "a defendant's conviction becomes `final' under § 2255 P.6(1) when the Supreme Court denies the defendant's petition for writ of certiorari (absent a suspension order from the Court or a Justice), irrespective of the opportunity to petition the Supreme Court for rehearing." Id. at 551.

We have carefully considered Rule 16.3 and each of these authorities,[3]

_____

[3] In addition to the decisions of the Tenth, Fifth, and Seventh Circuits, the Eleventh Circuit, in a brief per curiam opinion, also recently con-

6

and we agree with our sister circuits.**4** We accordingly hold that, absent the issuance of a suspension order by the Court or a Justice thereof, as contemplated by Rule 16.3, the judgment of conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitation in § 2255¶6 (1) when the Supreme Court denies certiorari after a prisoner's direct appeal. Pursuant thereto, Segers's judgment of conviction became final on November 16, 1998, when the Court denied his petition for a writ of certiorari. Because Segers did not file his § 2255 motion until January 20, 2000, more than one year later, his § 2255 motion was untimely and was properly dismissed.**5**

_____

cluded that a prisoner's judgment of conviction becomes final when the Supreme Court denies his petition for a writ of certiorari. <u>See Washington v. United States</u>, 243 F.3d 1299, 1300 (11th Cir. 2001).

**4** Segers contends that his case is distinct from those addressed by our sister circuits because, unlike the prisoners in those cases, he actually filed a petition for rehearing from the denial of certiorari. While this factual distinction is accurate, we nonetheless view the decisions of our sister circuits to be of substantial assistance. They make clear that, under Rule 16.3, the denial of a petition for certiorari renders a prisoner's case final in the Supreme Court.

**5** Segers also contends that the district court erred in dismissing his § 2255 motion without giving him the benefit of an extension for discovery under § 2255 ¶6 (4). Pursuant to that sub-paragraph, the one-year period of limitation also can begin to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Segers claims that he discovered new facts and procured affidavits that were not available within one year of the Court's initial denial of certiorari. We agree with the district court that his contentions are without merit, however, as his affidavits reveal that he is related to two of the affiants and that the third was present at the crime scene. By due diligence, Segers should have known of the existence of his own relatives and of a witness present at the crime scene, and he has failed to explain why this information was unavailable until three years after his conviction. As such, even under a most lenient standard of review, we will not disturb the district court's decision that Segers failed to properly present a claim under § 2255 ¶6 (4).

7

IV.

For the foregoing reasons, we decline to award Segers a certificate of appeal ability, and we dismiss his appeal.

<u>CERTIFICATE OF APPEALABILITY DENIED</u>
<u>AND APPEAL DISMISSED</u>

8