REVISED APRIL 29, 2002

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-20425

THOMAS M. GIESBERG,

Petitioner - Appellant,

v.

JANIE COCKRELL,
Director, Texas Department of Criminal Justice,
Institutional Division

Respondent - Appellee,

Appeal from the United States District Court
for the Southern District of Texas

April 23, 2002

Before JOLLY, JONES and BARKSDALE, Circuit Judges.

PER CURIAM:

Thomas M. Giesberg, a Texas inmate convicted of murder, appeals the district court's order dismissing his application for habeas corpus relief. The district court determined that Giesberg's habeas petition was time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This court granted Giesberg a Certificate of Appealability ("COA") to determine whether Giesberg's petition for rehearing of the denial of certiorari filed with the Supreme Court tolled AEDPA's one-year

limitations period.  We hold that Giesberg's petition for rehearing of the denial of certiorari did not toll the limitations period, and AFFIRM the order of the district court.

## BACKGROUND

On April 28, 1995, a Texas jury found Giesberg guilty of murder.  Giesberg was sentenced to sixty-five years in prison. Giesberg's conviction was affirmed on direct appeal by the First Court of Appeals of Texas.  Giesberg v. State, 945 S.W.2d 120 (Tex. App. - Houston [1st Dist.], pet. granted).  The Texas Court of Criminal Appeals affirmed Giesberg's conviction on September 30, 1998.  Giesberg v. State, 984 S.W.2d 245 (Tex. Crim. App. 1998). Giesberg's petition for a writ of certiorari was denied by the Supreme Court on February 22, 1999.  Giesberg v. Texas, 525 U.S. 1147, 119 S.Ct. 1044 (1999).  Giesberg filed a timely petition for rehearing of the denial of certiorari.  This petition for rehearing was denied by the Supreme Court on April 19, 1999.  Giesberg v. Texas, 526 U.S. 1082, 119 S.Ct. 1490.

On April 18, 2000, Giesberg filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Texas.  The State of Texas moved to dismiss Giesberg's petition as time-barred by AEDPA, 28 U.S.C. § 2244(d)(1)(A).  The district court, relying on this court's decision in United States v. Thomas, 203 F.3d 350 (5th Cir. 2001), determined that Giesberg's state conviction was rendered

2

final on the date the Supreme Court denied certiorari. Accordingly, the district court dismissed Giesberg's petition because it was filed more than one year after his conviction was final. See 28 U.S.C. § 2244(d). The district court denied Giesberg's request for a COA.

This court granted Giesberg a COA to determine whether AEDPA's one-year limitations period was tolled by the petition for rehearing of the denial of certiorari timely filed by Giesberg in the Supreme Court.[1]

**DISCUSSION**

An order dismissing a habeas application as time-barred by AEDPA is subject to *de novo* review. Johnson v. Cain, 215 F.3d 489, 494 (5th Cir. 2000). Giesberg's habeas petition, governed by the provisions of AEDPA, had to be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Giesberg argues that his conviction was not final until the Supreme Court denied his petition for rehearing of the denial of certiorari. The State of Texas argues that Giesberg's conviction was final on the date the Supreme Court denied Giesberg's petition for writ of certiorari.

---

[1] A COA should be granted on a procedural issue under AEDPA when the petitioner shows, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Both parts of this test must be fulfilled before a COA should be issued.

3

This court has held that a federal conviction becomes final for purposes of AEDPA's one-year limitation period when the Supreme Court denies the petition for writ of certiorari. United States v. Thomas, 203 F.3d 350, 356 (5th Cir. 2000). The petitioners in Thomas argued that their convictions were not final until the expiration of the twenty-five-day period for filing a petition for rehearing of the denial of certiorari. This court rejected this argument because "[t]he plain text of Supreme Court Rule 16.3 provides that an order denying certiorari review takes legal effect and is not suspended pending any application for rehearing." Id.

Giesberg seeks to distinguish Thomas for two reasons. First, he argues that Thomas only addressed the provisions of § 2255 applicable to federal prisoners seeking habeas relief, whereas he is a state prisoner. Second, Giesberg contends that, unlike the circumstances of this case, the petitioners in Thomas had not actually filed a petition for reconsideration for denial of certiorari.

Giesberg's first argument is without merit. The one-year limitation provision applicable to a federal prisoner's § 2255 motion for relief is "virtually identical" to the provision applicable to a state prisoner's § 2254 motion. Flanagan v. Johnson, 154 F.3d 196, 200 n.2 (5th Cir. 1998) (citing United States v. Flores, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998)).

4

Despite a minor difference in the statutory language that determines when the limitation period begins to run for § 2254 and § 2255 motions,[2] the key to both provisions is the finality of the underlying judgment. Although <u>Thomas</u> addressed only the provisions of § 2255(1), its reasoning regarding the finality of a denial of certiorari is applicable to Giesberg's state conviction.

Giesberg next contends that <u>Thomas</u> is distinguishable because the petitioners in <u>Thomas</u> had not filed petitions for rehearing of the denial of certiorari. While this is correct, nevertheless, <u>Thomas</u>'s reasoning appears dispositive against Giesberg. <u>Thomas</u> rested its holding on Supreme Court Rule 16.3, which states:

> Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. *The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.*

Sup. Ct. R. 16.3 (emphasis added). The court reasoned that Rule 16.3 makes clear that "an order denying a petition for writ of certiorari is effective immediately upon issuance, absent extraordinary intervention by the Supreme Court or a Justice of the

---

[2]     Section 2244(d)(1)(A), the limitation period applicable to a state prisoner's motion for habeas relief, provides that the limitation period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Section 2255(1), applicable to a federal prisoner's motion for habeas relief, provides that the limitations period begins running on "the date on which the judgment of conviction becomes final."

5

Supreme Court." Thomas, 203 F.3d at 355. In the present case, no member of the Supreme Court suspended the denial of Giesberg's petition for certiorari; Giesberg's conviction accordingly was final on the date certiorari was denied.

This conclusion accords with the decisions of other circuits. See United States v. Segers, 271 F.3d 181, 186 n.4 (4th Cir. 2001) (explaining that filing of petition for rehearing of denial of certiorari does not affect finality of denial of certiorari for purposes of AEDPA's one-year limitation period); United States v. Willis, 202 F.3d 1279, 1281 (10th Cir. 2000) ("After the Supreme Court has denied a petition for writ of certiorari, neither the filing of a petition for rehearing from the denial of certiorari, nor the expiration of the time in which such a petition could be filed delays the commencement of the one-year limitation period.").[3]

## CONCLUSION

For the foregoing reasons, Giesberg's conviction was final, for purposes of AEDPA's one-year limitations period, when his petition for certiorari was denied by the Supreme Court. His motion for habeas corpus relief was time-barred by § 2244(d)(1)(A). The judgment dismissing the habeas petition is therefore **AFFIRMED**.

---

[3] Giesberg also asserts equitable tolling based on his delayed receipt of information inside the prison about the Thomas decision, supra. This contention lacks merit. Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir.), cert. denied, 531 U.S. 1035 (2000).

6