# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1149

_____

| | | |
|---|---|---|
| Efrain Campa-Fabela, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| United States of America, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: July 31, 2003

Filed: August 19, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Efrain Campa-Fabela was found guilty by a jury of illegally reentering the United States and possessing with intent to distribute methamphetamine, and we affirmed his conviction and 180-month sentence. See United States v. Campa-Fabela, 210 F.3d 837, 841 (8th Cir. 2000). The United States Supreme Court denied Campa-Fabela's petition for a writ of certiorari on April 30, 2001, see Campa-Fabela v. United States, 532 U.S. 1010 (2001), and denied his petition for rehearing on June 18, 2001, see Campa-Fabela v. United States, 533 U.S. 924-25 (2001). Campa-Fabela

filed a pro se 28 U.S.C. § 2255 motion on June 10, 2002. The district court[1] dismissed the motion as untimely, but granted a certificate of appealability on the timeliness issue. On appeal, counsel has moved to withdraw and has filed a brief arguing that because Campa-Fabela's conviction was not final until the Supreme Court denied his petition for rehearing, his section 2255 motion was timely filed.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255. The one-year limit began to run here on April 30, 2001, the date on which Campa-Fabela's petition for a writ of certiorari was denied. Thus, the June 2002 motion was untimely. See Kreutzer v. Bowersox, 231 F.3d 460, 461-62 (8th Cir. 2000) (addressing 28 U.S.C. § 2254 petition). We find persuasive the reasoning of the courts that have specifically addressed the rehearing issue in the AEDPA context, relying on Supreme Court Rule 16.3 (order of denial not suspended pending disposition of petition for rehearing except by order of Court or Justice). See United States v. Segers, 271 F.3d 181, 184-86 (4th Cir. 2001), cert. denied, 535 U.S. 943 (2002); Horton v. United States, 244 F.3d 546, 550-51 (7th Cir. 2001); United States v. Thomas, 203 F.3d 350, 356 (5th Cir. 2000); United States v. Willis, 202 F.3d 1279, 1280-81 (10th Cir. 2000).

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.