# United States Court of Appeals
## For the First Circuit

No. 05-2350

IN RE: WILLIAM SMITH

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Lynch, Lipez and Howard,
Circuit Judges.

William Smith, Motion for Certificate of Appealability pro se.

January 18, 2006

**Per Curiam**. William Smith, who is serving a federal-court sentence for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), seeks a certificate of appealability of the district court's dismissal of his habeas corpus petition as untimely. The sole issue he seeks to raise on appeal is whether the district court erred in concluding that the one-year statute of limitations for filing a habeas petition under 28 U.S.C. § 2255 started to run when the Supreme Court denied his petition for a writ of certiorari from this court's affirmance of his conviction and sentence on direct appeal. Smith argues that the limitations period did not begin to run until the Supreme Court denied his petition for rehearing of the denial of certiorari and that his section 2255 petition, which was filed within one year after the denial of the petition for rehearing, was therefore timely.

To appeal from a final order in a section 2255 proceeding, the petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To obtain such a certificate where, as here, the district court dismissed the section 2255 petition on procedural grounds without reaching the merits, the petitioner must show both that "the soundness of the procedural ruling is debatable, and . . . [that] the [underlying] constitutional claim is also colorable." Mateo v. United States, 310 F.3d 39, 40 (2002) (citing Slack v. McDaniel, 529 U.S. 473,

484-85 (2000)). Here, petitioner has made no effort to address the merits of his constitutional claims, and the procedural issue is relatively easy to resolve, so we will turn to it first, as the Supreme Court has encouraged lower courts to do. Slack, 529 U.S. at 485.

A one-year statute of limitations applies to petitions under section 2255. 28 U.S.C. § 2255. That period begins to run from the latest of several events, only one of which is relevant here--"the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Although the statute itself does not define when a conviction becomes final for this purpose, every circuit that has addressed the issue has concluded that a conviction becomes final--and the one-year period therefore starts to run--when a petition for certiorari is denied,[1] Campa-Fabela v. United States, 339 F.3d 993, 994 (8th Cir. 2003) (per curiam); United States v. Hicks, 283 F.3d 380, 387 (D.C. Cir. 2002); United States v. Segers, 271 F.3d 181, 186 (4th Cir. 2001); Horton v. United States, 244 F.3d 546, 551 (7th Cir. 2001); Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (per curiam); United States v. Thomas, 203 F.3d 350, 356 (5th Cir. 2000); United States v. Willis, 202 F.3d 1279, 1280 (10th Cir. 2000); Kapral v.

---

[1]Where no petition for certiorari is filed, section 2255's one-year limitation period starts to run when the time for seeking certiorari expires. Clay v. United States, 537 U.S. 522, 532 (2003).

<u>United States</u>, 166 F.3d 565, 570 (3rd Cir. 1999), rather than when a petition for rehearing of the denial of certiorari is denied, <u>Giesberg</u> v. <u>Cockrell</u>, 288 F.3d 268, 270-71 (5th Cir. 2002) (per curiam); <u>Segers</u>, 271 F.3d at 184-86. <u>See also</u> <u>Clay</u>, 537 U.S. at 539 n.4 (noting uniformity of the circuits on this issue).

In reaching that conclusion, our sister circuits have relied on Supreme Court Rule 16.3, which provides that, absent a court order to the contrary, an order denying a petition for certiorari "will not be suspended pending disposition of a petition for rehearing." Based on that rule, they have persuasively reasoned that a conviction becomes final for purposes of triggering the one-year limitations period of section 2255 when certiorari is denied, regardless of whether a petition for rehearing is filed or when such a petition is denied. <u>See</u> <u>Campa-Fabela</u>, 339 F.3d at 994; <u>Segers</u>, 271 F.3d at 184-85; <u>Giesberg</u>, 288 F.3d at 271; <u>Horton</u>, 244 F.3d at 551; <u>Willis</u>, 202 F.3d at 1280. We agree and adopt the rule.

Petitioner argues that Supreme Court Rule 45, dealing with issuance of mandates by the Supreme Court, dictates the opposite conclusion. In particular, he relies on Rule 45.2's provision that "[t]he filing of a petition for rehearing stays the mandate until disposition of the petition, unless the court orders otherwise." That rule is inapt. As recognized by the Fifth Circuit, Rule 45 "refer[s] to the mandate and judgment that issues

after a Supreme Court decision on the merits.  The denial of certiorari review is governed[, instead,] by Supreme Court Rule 16.3."  <u>Thomas</u>, 203 F.3d at 355.

Because the above reasoning and result are not reasonably debatable, we deny the application for a certificate of appealability on the procedural issue without assessing the merits of petitioner's underlying constitutional claims.

<u>The application for a certificate of appealability is denied, and the appeal is terminated</u>.