[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12130
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 13, 2007
THOMAS K. KAHN
CLERK

D. C. Docket Nos.
06-00284-CV-DHB & 01-00028-CR-DHB

CARL M. DRURY, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 13, 2007)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

MARCUS, Circuit Judge:

Carl M. Drury, Jr., a federal prisoner proceeding pro se, appeals the

dismissal of his motion to vacate, filed pursuant to 28 U.S.C. § 2255, as barred by

the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). We granted a certificate of appealability on the issue of whether the statute of limitations began to run when the Supreme Court denied Drury's petition for certiorari or when it denied his petition for rehearing of the denial of certiorari.

The Supreme Court denied Drury's petition for certiorari on October 3, 2005. Drury v. United States, 546 U.S. 813 (2005). If the statute of limitations began then, Drury had until October 3, 2006 to file his § 2255 motion. The Supreme Court denied his petition for rehearing on November 28, 2005. Drury v. United States, 546 U.S. 1055 (2005). Drury, through counsel, filed this § 2255 motion to vacate on November 27, 2006, which was more than one year after the denial of the petition for certiorari, but less than one year after the denial of his petition for rehearing.

We review de novo the district court's determination that a § 2255 motion to vacate is time-barred. Jones v. United States, 304 F.3d 1035, 1037 (11th Cir. 2002). The AEDPA imposes a one-year statute of limitations for filing a § 2255 motion to vacate, which begins to run following one of four events, the relevant trigger in this case being "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The Supreme Court has held that "[f]inality attaches

2

when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  Clay v. United States, 537 U.S. 522, 527 (2003).  Likewise, we have held that a conviction becomes final the day the Supreme Court denies a petition for certiorari or issues a decision on the merits.  Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001).

While neither this Court nor the Supreme Court has addressed the impact of the filing of a petition for rehearing on the one-year statute of limitations under 28 U.S.C. § 2255, Supreme Court Rule 16.3, entitled "Disposition of a Petition for a Writ of Certiorari," provides:

> Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed.  The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.

Sup. Ct. R. 16.3 (emphasis added).  Thus, by its unequivocal language, Rule 16.3 states that a petition for certiorari review is resolved when the Court denies review, unless the Supreme Court or a Justice intervenes, neither of which occurred at any point in the process in Drury's case.

This conclusion is consistent with the decisions of six of our sister courts to have considered the issue.  See In re Smith, 436 F.3d 9, 10 (1st Cir.) (applying

3

Sup. Ct. R. 16.3 and holding that a "conviction becomes final for purposes of triggering the one-year limitations period of section 2255 when certiorari is denied, regardless of whether a petition for rehearing is filed or when such petition is denied "), cert. denied, 127 S. Ct. 284 (2006); Robinson v. United States, 416 F.3d 645, 650 (7th Cir. 2005) (holding that "petition for rehearing the denial of [petitioner's] certiorari petition had no effect on the finality of his conviction"); Campa-Fabela v. Cockrell, 339 F.3d 993, 993 (8th Cir. 2003) (holding that conviction was final at the denial of petition for writ of certiorari, rather than denial of petition for rehearing); Giesberg v. Cockrell, 288 F.3d 268, 270 (5th Cir. 2002) (same); United States v. Segers, 271 F.3d 181, 184 (4th Cir. 2001) (holding that "in the absence of an order of the Court or a Justice thereof, a petition for rehearing of the denial of certiorari has no effect"); United States v. Willis, 202 F.3d 1279, 1280-81 (10th Cir. 2000) (holding that, based on Sup. Ct. R. 16.3 and absent suspension by an order of the Supreme Court of a Justice, a judgment of conviction is final at the denial of certiorari, "regardless of whether a petition for rehearing from the denial of certiorari is filed.").

We now join our sister circuits and, consistent with the Supreme Court's decision in Clay, hold that finality attaches when the Supreme Court denies a habeas petitioner's petition for certiorari review. Drury's filing of a motion for

4

reconsideration of the Supreme Court's decision did not affect the disposition of his case in the Supreme Court, and we see no reason why such a motion would toll the time for filing a § 2255 motion. Upon the denial of his certiorari petition, Drury's conviction was final for purposes of the AEDPA's limitations period. Accordingly, we discern no error in the district court's dismissal of Drury's § 2255 motion as time-barred.

**AFFIRMED.**