14-889-pr
Rosa v. United States

## In the
# United States Court of Appeals
### For the Second Circuit

August Term, 2014

(Argued: April 13, 2015    Decided: May 13, 2015)

Docket No. 14-889-pr

EFRAIN J. ROSA,

*Petitioner-Appellant*,

—v.—

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Before:

WALKER, RAGGI, and DRONEY, *Circuit Judges*.

On appeal from a judgment of the United States District Court for the

Northern District of New York (Norman A. Mordue, *Judge*) denying habeas relief

from a 120-year prison sentence imposed on a guilty plea to three counts of

producing child pornography and one count of witness tampering in violation of

18 U.S.C. §§ 1512(b)(1) and 2251(a). Rosa argues that the district court erred in finding his petition untimely under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, because he filed it more than one year after the Supreme Court denied his petition for a writ of certiorari. He maintains that his filing was timely when calculated from the Supreme Court's denial of his petition for rehearing of the denial of his certiorari petition.

AFFIRMED.

———————

SALLY WASSERMAN, ESQ., New York, New York, *for Petitioner-Appellant*.

JONATHAN S. MELTZER, Bristow Fellow, Office of the Solicitor General, U.S. Department of Justice, Washington, D.C. (Steven D. Clymer, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York, *for Respondent-Appellee*.

———————

REENA RAGGI, *Circuit Judge*:

On this appeal, we decide whether the timeliness of a habeas corpus petition, see 28 U.S.C. § 2255, under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, runs from the Supreme Court's denial of a writ of

2

certiorari or from the denial of a petition for rehearing of the denial of certiorari. Eight of our sister circuits have considered the question, and all have reached the same conclusion: the statute of limitations runs from the denial of certiorari, not from the denial of rehearing of the certiorari petition. See United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010); Drury v. United States, 507 F.3d 1295, 1297 (11th Cir. 2007); In re Smith, 436 F.3d 9, 10 (1st Cir. 2006); Robinson v. United States, 416 F.3d 645, 650 (7th Cir. 2005); Campa-Fabela v. United States, 339 F.3d 993, 993 (8th Cir. 2003); Giesberg v. Cockrell, 288 F.3d 268, 270–71 (5th Cir. 2002); United States v. Segers, 271 F.3d 181, 184–86 (4th Cir. 2001); United States v. Willis, 202 F.3d 1279, 1280–81 (10th Cir. 2000).[1] We now join them.

Petitioner Efrain J. Rosa is presently incarcerated serving a 120-year prison sentence on his guilty plea to three counts of producing child pornography and one count of witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and 2251(a). See United States v. Rosa, 626 F.3d 56 (2d Cir. 2010) (affirming

---

[1] Although the D.C. Circuit has not yet been asked to resolve this question, it has recognized the weight of this authority as well. See United States v. Baxter, 761 F.3d 17, 30 (D.C. Cir. 2014).

3

conviction), <u>reh'g denied</u>, 634 F.3d 639 (2011).[2]   Rosa now appeals from a judgment entered on March 7, 2014, in the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*), denying his motion to vacate his sentence, pursuant to 28 U.S.C. § 2255.   The district court determined that Rosa's motion was barred by AEDPA's one-year statute of limitations.   A panel of this court granted a certificate of appealability ("COA") on the issue of whether Rosa's "conviction became final for purposes of triggering the one-year limitations period of 28 U.S.C. § 2255 when the Supreme Court denied his petition for a writ of certiorari, and not when it denied his petition for rehearing."   <u>Rosa v. United States</u>, No. 14-889 (2d Cir. July 2, 2014), ECF No. 26.   We now hold that the statute of limitations commenced when the Supreme Court denied Rosa's petition for a writ of certiorari.[3]

---

[2] Rosa produced child pornography that depicted him engaging minors aged four to eleven in sexually explicit conduct.  <u>See</u> <u>United States v. Rosa</u>, 626 F.3d at 58–59; G.A. 20.  While in custody in the case, Rosa was recorded persuading his twelve-year-old son to take responsibility for producing images of three of the victims, which resulted in the boy writing multiple falsely inculpatory letters. <u>See</u> G.A. 22–27.

[3] The government argues that we need not reach this issue because Rosa's underlying petition does not present a debatable claim of the denial of a constitutional right.  The government therefore urges us to vacate the COA and dismiss the appeal, or summarily to affirm the district court.  The government, however, cites no case in which a subsequent panel of this court has dismissed

4

The Supreme Court denied Rosa's certiorari petition on February 27, 2012, see Rosa v. United States, 132 S. Ct. 1632 (2012), and denied his petition for rehearing on May 14, 2012, see Rosa v. United States, 132 S. Ct. 2424 (2012). Rosa filed this § 2255 motion on May 13, 2013, which was more than one year after the denial of his certiorari petition, but just less than one year after the denial of

---

an appeal after a previous panel has granted a COA. We need not decide when, if at all, such action might be appropriate. We simply decline to take such action here where the district court's ground for denial—timeliness—was correct. To be sure, the Supreme Court has indicated that where "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000) (emphasis added); accord Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002). But the Supreme Court has further instructed that the requirement that a COA indicate the issue on which the movant has made the substantial showing of the denial of a constitutional right is not jurisdictional. See Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012) (holding that court of appeals had power to adjudicate appeal even where COA only "identified a debatable procedural ruling, but did not 'indicate' the [merits] issue on which [the petitioner] had made a substantial showing of the denial of a constitutional right"). Thus, even if the COA here might be considered defective because it did not identify a debatable merits issue, we may nevertheless consider the appeal as to the procedural ruling. See id. at 649 (stating that circuit court may consider appeal even where, as here, petitioner has sought review of both merits and procedural rulings in COA application but judge issued COA only as to procedural ruling, noting that "defective COA is not equivalent to the lack of any COA"). Finally, Green v. Mazzucca, 377 F.3d 182, 183 (2d Cir. 2004), relied on by the government, is not dispositive because, in that case, the district court ruled on the merits and the petitioner did not dispute that holding on appeal. That is not this case.

rehearing.  The district court concluded that Rosa's conviction became final when the Supreme Court denied the certiorari petition and thus, denied the § 2255 motion as time barred.

We review this determination de novo.  See Rivera v. United States, 716 F.3d 685, 687 (2d Cir. 2013).  AEDPA imposes a one-year statute of limitations for filing a § 2255 motion, which begins to run following, as relevant here, "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Neither the Supreme Court nor this court has yet decided when a conviction becomes final for AEDPA purposes under the circumstances present in this case.  Nevertheless, the Supreme Court has held that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  Clay v. United States, 537 U.S. 522, 527 (2003) (addressing situation where no certiorari petition was filed); accord Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) ("With respect to postconviction relief for federal prisoners, this Court has held that the conclusion of direct review occurs when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari." (internal quotation marks omitted)).  Relying on Clay, our court has recognized

6

that particular convictions became final on the dates the Supreme Court denied petitions for writs of certiorari in those cases. See, e.g., Coleman v. United States, 329 F.3d 77, 81 (2d Cir. 2003) ("On May 24, 1999, when the United States Supreme Court denied Coleman's petition for a writ of certiorari, Coleman's conviction became final." (citation omitted)); see also Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (quoting Clay's statement that conviction becomes final when Supreme Court denies petition for writ of certiorari); United States v. Camacho, 370 F.3d 303, 306 (2d Cir. 2004) (same).

Supreme Court rules further support this interpretation. Specifically, Rule 16.3, entitled "Disposition of a Petition for a Writ of Certiorari," states that "[t]he order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice." We construe this rule to provide that a petition for a writ of certiorari is resolved when the Court denies review unless the Supreme Court or a Justice intervenes, neither of which occurred at any point in Rosa's case. See Boumediene v. Bush, 550 U.S. 1301, 1302 (2007) (Roberts, C.J., in chambers) (citing Sup. Ct. R. 16.3 to deny suspension of order denying certiorari); see also Stephen M. Shapiro et al., Supreme Court Practice § 6.43, at 521 (10th ed. 2013) ("Absent a suspension order from the Court

7

the order denying certiorari is legally effective as of the time of its entry by the Supreme Court . . . ."). Because a petition for rehearing before the Supreme Court thus "does essentially nothing with respect to . . . the denial of certiorari," Horton v. United States, 244 F.3d 546, 551 (7th Cir. 2001), the finality achieved upon denial of certiorari is not delayed by a petition for rehearing of the certiorari denial.

All eight circuit courts of appeals to have considered this issue have reached this same conclusion. Relying on Clay, Supreme Court Rule 16.3, or both, these courts all conclude that a conviction becomes final upon the denial of a petition for a writ of certiorari without regard to any subsequent petition for rehearing. See United States v. Aguirre-Ganceda, 592 F.3d at 1045 [9th Cir.]; Drury v. United States, 507 F.3d at 1297 [11th Cir.]; In re Smith, 436 F.3d at 10 [1st Cir.]; Robinson v. United States, 416 F.3d at 650 [7th Cir.]; Campa-Fabela v. United States, 339 F.3d at 993 [8th Cir.]; Giesberg v. Cockrell, 288 F.3d at 270–71 [5th Cir.]; United States v. Segers, 271 F.3d at 184–86 [4th Cir.]; United States v. Willis, 202 F.3d at 1280–81 [10th Cir.].

Rosa's counsel has vigorously urged a contrary conclusion but in the end we are not persuaded.[4]  First, Rosa argues that Supreme Court Rule 45, which provides that a rehearing motion stays the issuance of that Court's mandate until the motion is decided unless the Court orders otherwise, should also stay the finality of any underlying conviction.  Rosa, however, misreads the rule, which expressly distinguishes between petitions for the rehearing of cases that have been reviewed on the merits and those that have been denied review.  Its stay provision applies only to cases "on review" before the Court, i.e., those in which the Court granted certiorari as opposed to those denied such review.  Sup. Ct. R. 45; see United States v. Willis, 202 F.3d at 1281 ("Rule 45 concerns issuance of mandates in cases on review by the Supreme Court (as opposed to cases before the Court on petitions for writ of certiorari)." (emphasis in original)).  Thus, Rule 45 has no applicability here.

Second, Rosa argues that because Supreme Court Rule 13.3 states that if a court of appeals grants rehearing, the time to file a certiorari petition begins to run only upon entry of the judgment after rehearing, the same finality rule should apply to rehearing petitions in the Supreme Court.  This argument,

---

[4] We have also considered the arguments Rosa advances pro se and conclude that they are without merit.

however, ignores important differences between those two types of petitions. See Horton v. United States, 244 F.3d at 551 ("Petitions for rehearing before the courts of appeals and petitions for rehearing before the Supreme Court have strikingly different effects."). As relevant here, a petition for rehearing in the Supreme Court is governed by Rule 16.3, which expressly states that, absent an order of the Court or one of its justices, such a petition does not "suspend[]" the order of denial.

Third, Rosa cites Ryan v. Schad, 133 S. Ct. 2548 (2013), for the proposition that "a circuit court may actually stay the issuance of a mandate while a defendant seeks 'rehearing from the denial of the writ.'" Appellant's Br. 13 (quoting Schad, 133 S. Ct. at 2551). But this misapprehends the holding of that case, which in fact ruled that the Ninth Circuit had abused its discretion by refusing to issue its mandate while it reconsidered an argument it had rejected months earlier. See Ryan v. Schad, 133 S. Ct. at 2551–52.

Accordingly, because we agree with the reasoning of all eight other courts of appeals to have considered this issue, and because we are not persuaded by Rosa's arguments to the contrary, we now join our sister circuits in holding that finality attaches for purposes of the AEDPA limitations period when the

Supreme Court denies a § 2255 petitioner's certiorari petition on direct review.

The filing of a motion for rehearing of such a Supreme Court denial of certiorari

does not affect the finality of the disposition of the case in the Supreme Court

absent a contrary order of the Supreme Court or one of its justices. Thus, there is

no merit to Rosa's claim that his § 2255 motion—filed more than a year after the

denial of his petition for a writ of certiorari, but within one year of the denial of

his petition for rehearing of his certiorari petition—is timely.[5]

In sum, we identify no error in the district court's denial of Rosa's § 2255

motion as time barred. The judgment of the district court is, therefore,

AFFIRMED.

---

[5] Rosa's claim that his § 2255 motion is subject to equitable tolling was not specified in the COA, and, thus, is not properly addressed. See Valverde v. Stinson, 224 F.3d 129, 136 (2d Cir. 2000) ("The only claims we may address on this appeal are those included in the certificate of appealability."); Soto v. United States, 185 F.3d 48, 53 (2d Cir. 1999) ("[T]he certificate of appealability issued by the District Court specified only the Rule 32(c)(5) claim for appeal. Therefore, the only claim that we may address is [that claim]."). We nevertheless note that equitable tolling requires an extraordinary obstacle preventing the petitioner from complying with AEDPA's limitations period, see Harper v. Ercole, 648 F.3d 132, 136–39 (2d Cir. 2011) (observing that equitable tolling requires extraordinary obstacle and reasonable diligence), which is not apparent on the record before us.