Lin v. Barr

BIA
Bain, IJ
A078 730 926

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

XING LIN,
> *Petitioner,*

> v.                                                          18-241
>                                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Yee Ling Poon; Deborah
                          Niedermeyer, Law Office of Yee
                          Ling Poon, LLC, New York, NY.

FOR RESPONDENT:           Joseph H. Hunt, Assistant Attorney
                          General; John S. Hogan, Assistant
                          Director; Todd J. Cochran, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing Lin, a native and citizen of the People's Republic of China, seeks review of a January 3, 2018 decision of the BIA affirming a February 15, 2017 decision of an Immigration Judge ("IJ") denying asylum as a matter of discretion and granting withholding of removal. *In re Xing Lin*, No. A 078 730 926 (B.I.A. Jan. 3, 2018), *aff'g* No. A 078 730 926 (Immig. Ct. N.Y. City Feb. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the discretionary denial of asylum for abuse of discretion. 8 U.S.C. § 1252(b)(4)(D) ("[T]he Attorney General's discretionary judgment whether to grant relief under section 1158(a) of this title shall be conclusive unless manifestly

2

contrary to the law and an abuse of discretion."); *Wu Zheng Huang v. INS*, 436 F.3d 89, 96 (2d Cir. 2006).

In deciding whether to deny asylum as a matter of discretion, the agency considers "the totality of the circumstances" by "balancing . . . favorable and adverse factors." *Wu Zheng Huang*, 436 F.3d at 98; *see also In re H-*, 21 I. & N. Dec. 337, 347–48 (BIA 1996). "[T]he BIA has stated that '[t]he *danger of persecution* will outweigh all but the most egregious adverse factors.'" *Wu Zheng Huang*, 436 F.3d at 98 (quoting *In re Kasinga*, 21 I. & N. Dec. 357, 367 (BIA 1996)). The experience of past persecution also weighs in favor of a grant of asylum, as do "general humanitarian reasons, independent of the circumstances that led to the applicant's refugee status, such as his or her age, health, or family ties." *In re H-*, 21 I. & N. Dec. at 347–48. Adverse factors include criminal convictions, "significant violations of national immigration laws," and the "manner of entry into this country." *Wu Zheng Huang*, 436 F.3d at 98. The regulations instruct:

> In the event that an applicant is denied asylum solely in the exercise of discretion, and the applicant is subsequently granted withholding of deportation or removal under this section, thereby effectively precluding admission of the applicant's spouse or minor children following to join him or

3

her, the denial of asylum shall be reconsidered. Factors to be considered will include the reasons for the denial and reasonable alternatives available to the applicant such as reunification with his or her spouse or minor children in a third country.

8 C.F.R. § 1208.16(e).

The agency did not abuse its discretion in denying Lin asylum as an exercise of discretion. Although the BIA could have more fully explained its conclusion that Lin's fear of separation from his wife was speculative, its conclusion was not erroneous because Lin's wife is not currently in removal proceedings and, according to Lin's asylum application, she has remained in the United States since 2000. Further, the BIA considered the issue of family unity and that Lin's wife and children are in the United States, and thus complied with 8 C.F.R. § 1208.16(e). *See Wu Zheng Huang*, 436 F.3d at 94 (noting that petitioner's appeal of a discretionary denial of asylum to the BIA "allowed the agency to fulfill its duty under 8 C.F.R. § 1208.16(e) to reconsider the denial with attention to 'the reasons for the denial and reasonable alternatives available to the applicant such as reunification with his or her spouse or minor children in a third country.'").

Lin argues that the agency should have considered as a mitigating factor that his attorney devised the scheme involving the fraudulent letter, and that he engaged in this conduct because he feared returning to China. However, the IJ did not overlook Lin's attorney's involvement in the fraud, but rather found that Lin minimized his responsibility, which included writing the fraudulent letter himself, obtaining an envelope from China, and providing the letter and envelope to his attorney. The IJ also reasonably determined that Lin's fraud here was distinct from instances where individuals engage in fraud to escape persecution because Lin was in the United States at the time of the fraud. *See Matter of Pula*, 19 I. & N. Dec. 467, 474 (BIA 1987) ("The use of fraudulent documents to escape the country of persecution itself is not a significant adverse factor while, at the other extreme, entry under the assumed identity of a United States citizen with a United States passport, which was fraudulently obtained by the alien from the United States Government; is very serious fraud." (superseded by regulation on other grounds)).

Further, the agency considered the relevant factors. The IJ noted that Lin's positive equities included his

5

substantial family ties and his residence in the United States of more than 17 years. The BIA considered the issue of family unity and noted that Lin would not be separated from his three children and that his fear of separation from his wife was speculative. In addition, although "past persecution [is] a major factor favoring asylum," *Wu Zheng Huang*, 436 F.3d at 98 n.11, Lin was granted withholding of removal based on his fear of future persecution, not based on past persecution. Moreover, "significant violations of national immigration laws" is an adverse factor; thus the agency reasonably considered the submission of a fraudulent letter, in an attempt to evade removal, as an adverse factor. *See Wu Zheng Huang*, 436 F.3d at 98.

Accordingly, the agency did not abuse its discretion when it concluded that Lin's submission of a fraudulent letter to the IJ outweighed the positive factors and that the totality of the circumstances did not merit a favorable exercise of discretion. *See id.* at 98-99; *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) ("An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains

6

only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." (internal citations omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court