**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GUILLERMO RUCCOBO-RIOS,

    Petitioner-Appellant,

v.

JOE ORTIZ, Executive Director,
Colorado Department of Corrections;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

    Respondents-Appellees.

No. 05-1434
(D. Colorado)
(D.Ct. No. 05-CV-1216-ZLW)

**ORDER DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA
PAUPERIS*, DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPLICATION**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Guillermo Rucobo-Rios, a state prisoner proceeding *pro se*,[1] filed a petition

---

[1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.*, 318
F.3d 1183, 1187 (10th Cir. 2003).

for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied the petition. Rucobo-Rios then filed a notice of appeal and a motion for leave to proceed *in forma pauperis* (*ifp*) on appeal. The district court denied a certificate of appealability (COA), finding Rucobo-Rios had not made a substantial showing of the denial of a constitutional right. The court also denied the motion to proceed *ifp* pursuant to 28 U.S.C. § 1915(a)(3), finding the appeal was not taken in good faith because Rucobo-Rios had not "shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." (R. Doc. 17.) Rucobo-Rios has filed with this Court an application for a COA and for leave to proceed *ifp*. *See* 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1), 24(a)(5). We DENY Rucobo-Rios' application for a COA and his motion for leave to proceed *ifp*.

## Background

In 1999, Rucobo-Rios was convicted by a jury of felony murder, second-degree murder and kidnaping. He was sentenced to life in prison plus thirty-two years. In July 2001 the Colorado Court of Appeals affirmed his conviction, and on April 8, 2002, the Colorado Supreme Court denied his petition for a writ of certiorari. Rucobo-Rios' § 2254 petition was filed with the district court on June 30, 2005. The district court denied the petition as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

-2-

pursuant to the judgment of a State court.").

### Discussion

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA only if Rucobo-Rios makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court dismissed his habeas petition on procedural grounds, Rucobo-Rios must demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Rucobo-Rios has not met this burden.

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The district court correctly found Rucobo-Rios' motion was time-barred. His sentence became final on July 8, 2002, when the time period for seeking review of his conviction in the United States Supreme

-3-

Court expired. 28 U.S.C. § 2244(d)(1)(A); *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). His petition for writ of habeas corpus was filed on June 30, 2005, almost two years past the expiration of the one year statute of limitations.

Rucobo-Rios' argument that he is entitled to the application of equitable tolling is without merit.[2] He does not demonstrate a "rare and exceptional circumstance[]" warranting equitable tolling of the statute. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted); *see also United States v. Willis,* 202 F.3d 1279, 1281 n.3 (10th Cir. 2000) (case must present extraordinary circumstances to warrant equitable tolling of statute of limitations). Because reasonable jurists could not conclude the district court erred in dismissing Rucobo-Rios' petition as untimely, we DENY his application for a COA and dismiss his application.

A prisoner seeking leave from this court to proceed *ifp* must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991). The district court found Rucobo-Rios had not done so and held the appeal was not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3). After reviewing Rucobo-Rios' contentions and giving weight to the district court's

---

[2] Rucobo-Rios filed a petition for writ of habeas corpus with the Colorado Supreme Court sometime after April 15, 2005. The court denied the petition on May 25, 2005. This filing did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2) because it, too, was filed after the statute had run.

decision, we adopt the district court's finding. *Coppedge v. United States*, 369 U.S. 438, 446 (1962). We DENY Rucobo-Rios' motion to proceed *ifp* and order him to remit the full amount of the filing fee within twenty days. We GRANT Rucobo-Rios' Motion to Amend the Notice of Appeal Showing Cause, and DENY his Motion to Dismiss/Discharge Petitioner for Violation of Doctrine of Coram Non Judice.

DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge