**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GUILLERMO RUCOBO-RIOS,

Petitioner-Appellant,

v.

KEVIN MILYARD,

Respondent-Appellee.

No. 06-1503
(D.C. No. 06-CV-01978-ZLW)
(D. Colorado)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, LUCERO**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Guillermo Rucobo-Rios, a state prisoner proceeding *pro se*, requests a certificate of appealability ("COA") to appeal the district court's order and judgment denying his 28 U.S.C. § 2241 petition for writ of habeas corpus. Because Petitioner has not made "a substantial showing of the denial of a

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

constitutional right," *see* 28 U.S.C. § 2253(c)(2), we deny his request for COA and dismiss the appeal.

In 1999, Guillermo Rucobo-Rios was convicted in state court of felony murder, second degree murder, and second degree kidnapping. He was sentenced to life imprisonment plus thirty-two years. On direct appeal, his conviction was affirmed. In 2005, he filed his first 28 U.S.C. § 2254 petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The district court denied the petition as barred by the one-year statute of limitations. On appeal, this court denied COA and dismissed. *See Rucobo-Rios v. Ortiz,* 185 Fed. Appx. 755 (10th Cir. Jun. 23, 2006).

In October 2006, Petitioner Rucobo-Rios filed a § 2241 petition challenging his 1999 state conviction. He claimed that the state court lacked jurisdiction to prosecute him. In particular, he argued that the charging document presented to him at arraignment failed to comply with state statutory law in that it was not sworn to under oath and was not signed by a deputy district attorney. He also claimed that he was not brought before the state court in a timely fashion for a preliminary hearing. The district court denied the § 2241 petition, concluding that the relief sought by Petitioner was not available under § 2241 but rather under § 2254. The district court stated that it would not construe the § 2241 petition as a § 2254 petition, and that Petitioner could not use a § 2241 petition as a means to avoid the restrictions on the filing of a second or successive § 2254

-2-

petition under the AEDPA. This appeal followed.

Petitioner Rucobo-Rios, a state prisoner, may appeal the denial of his § 2241 petition only if a COA is issued. *See* 28 U.S.C. § 2253(c)(1); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). A COA will issue only if Rucobo-Rios makes "a substantial showing of the denial of a constitutional right." *See* § 2253(c)(2). To make the requisite showing, Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) *(*quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

Habeas petitions under § 2241 are used to attack the execution of a sentence and are not the vehicle for challenging the validity of a criminal conviction. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (a petition under § 2241 "is not an additional, alternative, or supplemental remedy" to § 2254 or § 2255). Because Petitioner does not attack the execution of his sentence but rather the validity of his 1999 criminal conviction, § 2241 is not the appropriate avenue of relief. Although second or successive applications are restricted under the AEDPA, they are not prohibited. *See* 28 U.S.C. §§ 2244(b)(2) and 2244(b)(3).

Having reviewed Petitioner's application for COA, appellate brief, and the

record on appeal, we conclude the district court correctly denied his § 2241

petition.  No reasonable jurist would disagree.

Accordingly, the application for COA is **DENIED.**  The motion to proceed

*in forma pauperis* is **DENIED**.  The appeal is **DISMISSED**.

ENTERED FOR THE COURT
PER CURIAM