**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY PAUL TAFOYA,

      Petitioner-Appellant,

v.

JAMES JANECKA,

      Respondent-Appellee.

No. 06-2275

(D. of N.M.)

(D.C. No. CIV 06-360-JH)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Larry Paul Tafoya, a New Mexico state prisoner proceeding through counsel, appeals the district court's denial of his federal habeas petition under 28 U.S.C. § 2254 as well as that court's subsequent denial of his request for a Certificate of Appealability (COA). Because we conclude that Tafoya has not satisfied the requisite standard of a "substantial showing of the denial of a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

constitutional right," we deny COA and dismiss this appeal. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## I. Background

In November 2001, a jury convicted Tafoya of Murder in the First Degree (Depraved Mind), Leaving the Scene of an Accident Involving Death, Reckless Driving, and Driving While License Suspended.[1] The New Mexico Supreme Court affirmed the conviction in June 2004. In July 2005, Tafoya filed the first of two petitions for post-conviction relief in state court. Both petitions were denied.

Tafoya filed his federal habeas petition in May 2006. The magistrate judge recommended the petition be denied, among other reasons, on the grounds it exceeded the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which governs this appeal. The magistrate judge aggregated all the periods of untolled time that had passed since Tafoya's conviction became final in June 2004 and found the aggregate surpassed one year. Additionally, the magistrate judge concluded Tafoya's petition included unexhausted claims and, thus, was procedurally barred. After considering Tafoya's objections to the magistrate judge's report and recommendation, the district court adopted the recommendation and denied the petition for relief.

---

[1] The facts of that case, not relevant to the instant appeal, are laid out in the New Mexico Supreme Court's unpublished opinion, *State v. Tafoya*, No. 27,354, June 30, 2004.

On appeal, Tafoya does not dispute that his habeas petition was untimely under AEDPA. Instead, he asks this court to apply principles of equitable tolling in order to bypass the statute of limitations.[2]

## II. Standard of Review

"An order dismissing a habeas application as time-barred by AEDPA is subject to de novo review." *Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004) (quoting *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002)).

## III. Analysis

To obtain a COA, a movant challenging a criminal conviction under § 2254 must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a petition on procedural grounds, as in this case, the standard is further refined, requiring petitioner to show that reasonable jurists could find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2)

---

[2] In making his case to the magistrate judge, Tafoya "failed to respond to the [] argument that this Petition is time-barred." Mag. J. R&R at 10. The magistrate judge further concluded that "there were no facts in the Petition or the Exhibits that suggest that the doctrine of equitable tolling would be applicable." *Id.* We agree.

the district court's procedural ruling was correct. *Id.* Because the district court's procedural ruling that Tafoya's claim was time-barred is not reasonably debatable, we must deny COA.

Tafoya concedes that he failed to file his federal habeas petition within the one-year window mandated by AEDPA.[3] Nevertheless, he claims the limitations period should be equitably tolled because of (1) his limited access to legal materials while incarcerated, and (2) his actual innocence of the crime for which he was convicted.

AEDPA's one-year statute of limitations is subject to equitable tolling only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Simple excusable neglect is not sufficient. *Id.* at 96. Moreover, a petitioner must diligently pursue his federal habeas claims; *a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling. Miller*, 141 F.3d at 978.

---

[3] Tafoya actually claims the district court overcalculated his tardiness under the statute but admits that his petition was untimely by at least "a few months." "[I]t is apparent that if Mr. Tafoya's Application for a Writ of Habeas Corpus is untimely, it is untimely only by a period of a few months, not more than a year as alleged by Respondent." Pet'r Br. at 19.

*Id.* (Emphasis added.) Tafoya has made no showing with any specificity that he lacked access to legal materials, nor did he make such a showing to the magistrate judge. Thus, we find no support for equitable tolling on this allegation.[4]

Tafoya's other ground for equitable tolling is based on a claim of actual innocence. It likewise fails. He contends he is "actually innocent of the crime of first degree, depraved-mind murder," quoting this passage from his filed objections to the magistrate judge's Report and Recommendation:

> The evidence, as presented to the jury, indicated that Mr. Tafoya must have been totally unaware that the motorcyclist he came upon in front of his vehicle was Eddie Duran. There could not possibly have been any premeditation or intent. It was simply a very unfortunate accident, although brought about by [Applicant's] impaired condition and possibly negligent disregard. It was not murder . . . and [Mr. Tafoya is] not a depraved criminal.

Pet'r Br. at 20–21. These conclusory allegations are insufficient to support a claim of actual innocence. Tafoya was convicted by a jury of his peers after they had an opportunity to hear and weigh the evidence against him. The Supreme Court of New Mexico, after reviewing the evidence presented at trial, affirmed the conviction, holding there was sufficient evidence from which a rational jury could find Tafoya's acts were the result of a depraved mind and that these acts caused the victim's death.

---

[4] Tafoya claims our prior decision in *Miller v. Marr* left open the possibility that lack of access "may, in certain circumstances, be sufficient to entitle a petitioner to equitable tolling." Pet'r Br. at 21. However, our recent decision in *Gibson* makes clear that where a prisoner has not diligently pursued his claim, lack of access alone is not enough to support equitable tolling.

In multiple filings, Tafoya has unsuccessfully pursued the issue of evidentiary sufficiency while seeking post conviction relief in state and federal courts. Both of his successive state habeas petitions were denied, the first one following an evidentiary hearing on the issue of juror misconduct. The federal magistrate judge and district court have likewise and independently found Tafoya's claims of actual innocence without merit. Having been considered and rejected now by the New Mexico state trial court, the New Mexico state supreme court, the federal magistrate judge and the federal district court, Tafoya has had a careful and thorough evaluation of his claims. Based on our independent review of the record, we likewise conclude that Tafoya has not made a showing under AEDPA that he was actually innocent of the crimes for which he was convicted.

We therefore deny his request for equitable tolling of the AEDPA statute of limitations.

## IV. Conclusion

For the reasons set forth above, we DENY Tafoya's request for COA, and DISMISS this appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge