**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HUGO ROMERO-CRUZ,

Defendant-Appellant.

No. 07-4053

(D. of Utah)

(D.C. Nos. 2:06-CV-929-DAK and
2:05-CR-62-DAK)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Hugo Romero-Cruz, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 habeas petition. For substantially the same reasons set forth by the district court, we DENY COA and DISMISS this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

In April 2005, Romero-Cruz was charged with possession of and intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). He entered a guilty plea on the basis of which the district court sentenced him to 120 months imprisonment. Romero-Cruz's plea agreement made clear that he faced a minimum prison sentence of ten years and that he thereby waived his right to appeal any lawful sentence. A final judgment was entered on June 23, 2005. Romero-Cruz now attacks his sentence, claiming he was denied effective assistance of counsel.

Romero-Cruz filed his petition for habeas corpus with the district court on November 2, 2006 but the district court found it was time-barred by the one-year statute of limitations applicable to motions under § 2255.

> The limitation period shall run from the later of (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action . . . is removed . . .; (3) the date on which the right asserted was initially recognized by the Supreme Court . . .; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Points two through four are inapplicable to Romero-Cruz's petition. Because Romero-Cruz did not file a Notice of Appeal, the district court found his conviction became final, and the statute of limitations began to run, when the possibility of direct review ended—i.e., when he failed to take a direct appeal within ten days of the entry of judgment. *United States v. Burch*, 202 F.3d

-2-

1274, 1278 (10th Cir. 2000).  Pursuant to this rule, Romero-Cruz's conviction became final on July 3, 2005.  Thus, the district court concluded his petition for habeas corpus, filed on November 2, 2006, was untimely.  The court further found that the facts of the case did not warrant equitable tolling of the statute of limitations.

## II.  Standard of Review

"An order dismissing a habeas application as time-barred by AEDPA is subject to de novo review."  *Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004) (quoting *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002)).  Moreover, we review a district court's decision to deny equitable tolling for an abuse of discretion.  *Fleming v. Evans*, 481 F.3d 1249, 1254–55 (10th Cir. 2007) ("Ultimately, therefore, we will vacate the District Court's determination that equitable tolling is inapplicable only if reasonable jurists could debate whether the court's refusal to toll the statute of limitations was an abuse of discretion.").

## III.  Analysis

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Romero-Cruz does not dispute that he failed to meet the statutory deadline for filing his federal habeas petition. Rather, he argues that the statute ought to be equitably tolled because he was denied effective assistance of counsel under the Sixth Amendment. But we have made clear that equitable tolling will only apply in "rare and exceptional circumstances." *See*, *e.g.*, *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). A petitioner has the burden of establishing that equitable tolling should apply. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

We recently held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." *Fleming*, 481 F.3d at 1256. In *Fleming*, petitioner hired counsel to represent him in state post-conviction proceedings. Petitioner subsequently made a number of inquiries as to the status of his petition and was told each time that it was being prepared and would soon be filed. But the petition was never filed. Petitioner, aware that the statute of limitations deadline was approaching, ultimately took matters into his own hands and drafted a petition with the help of prison clerk. He submitted it to counsel for review and filing in state court. However, counsel did not file until after the AEDPA

-4-

deadline had passed. On these facts, we concluded Petitioner was at least entitled to an evidentiary hearing to determine whether equitable tolling should apply.

In contrast, Romero-Cruz has not convinced us that his counsel committed any misconduct at all, much less the kind of egregious misconduct which would make *Fleming* applicable. On appeal, Romero-Cruz claims his trial counsel was ineffective for (1) misinforming Romero-Cruz regarding the likely consequences of his plea agreement such that the guilty plea was not knowing and voluntary, and (2) failing to file a notice of appeal in his case despite Romero-Cruz's instruction to do so. We address each claim in turn.

*(1) Romero-Cruz's Guilty Plea Was Knowing and Voluntary*

Romero-Cruz was convicted pursuant to a guilty plea. Under our case law, a plea agreement must be knowing and voluntary. *See*, *e.g.*, *United States v. Hahn*, 359 F.3d 1315, 1320–24 (10th Cir. 2004) (en banc) (looking to (1) the language of the plea agreement, and (2) an adequate Rule 11 colloquy). Romero-Cruz claims his plea was not knowing and voluntary because he was not advised that he faced a mandatory minimum sentence of ten years. He argues that his counsel's misrepresentations regarding the likely consequence of his plea constitute sufficiently egregious conduct which should justify equitable tolling.

But the record belies this contention. Before his plea hearing, Romero-Cruz signed a statement which provided in part:

> I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form . . . I know that the maximum possible penalties provided by law for the offenses to which I am pleading guilty are: (a) Count 1 of the Indictment, Possession of Methamphetamine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1); A TERM OF IMPRISONMENT OF NOT LESS THAT TEN YEARS AND NOT MORE THAN LIFE.

Statement of Defendant in Advance of Guilty Plea, 4/4/05, at 1 (emphasis in original). The district court, moreover, found at the change of plea hearing and after a Rule 11 colloquy "that there is a factual basis for the plea and accepts dft's plea as being knowing and voluntarily entered." Minutes of the United States District Court for the District of Utah, Judge Dale A. Kimball, 4/4/05, at 1.

It is hard to conceive of a clearer exposition of the likely consequences of entering the guilty plea than that found in this case. Irrespective of counsel's advice, the statement shows that Romero-Cruz was on notice that he faced a minimum prison term of ten years. Furthermore, these circumstances—even when judged in a light favorable to Petitioner—offer no justification for why Romero-Cruz's habeas petition was untimely.

We cannot say that the district court's rejection of equitable tolling based on these facts was debatable or wrong.

*(2) Counsel's Was Not Ineffective for Failing to File Notice of Appeal*

Next, Romero-Cruz argues that the statute of limitations ought to be equitably tolled because his counsel failed to file a Notice of Appeal in his case.

Similar to the facts in *Fleming*, Romero-Cruz maintains that he asked counsel to file a notice of appeal with the court but that these documents were never filed. But there is a crucial distinction: whereas the petitioner in *Fleming* sought to file a habeas petition which he was entitled to file, Romero-Cruz sought to file an appeal *in spite of the explicit waiver of appeal rights contained in his Plea Statement*. The Statement provided:

> I know that there is no appellate review of any lawful sentence imposed under a plea of guilty. I also know that . . . I may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

Statement of Defendant in Advance of Guilty Plea, 4/4/05, at 3. In light of this appellate waiver, Romero-Cruz's counsel cannot be faulted for failing to file an appeal. In any event, any failing on counsel's part can hardly be equated to the egregious misconduct evidenced in *Fleming*.[1]

In sum, Romero-Cruz has not set forth any "rare and exceptional" circumstances which would justify the application of equitable tolling.

---

[1] Even if we were to reach the sentencing issues, Romero-Cruz has not demonstrated any legal error, or that his sentence was unreasonable. He was sentenced at the very low end of the mandatory minimum.

### III. Conclusion

For the reasons set forth above, we REJECT Romero-Cruz's petition for COA and DISMISS this appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge